**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | | |
|---|---|---|
| R.W. Hertel & Sons, Inc., | ) ) ) | CV 07-1054-LEW-EFB |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) ) ) | |
| Arch Specialty Ins. Co., | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Currently before this Court are (1) Plaintiff's Motion for Partial Summary Judgment of Defendant's Duty to Defend; and (2) Defendant's Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Issues. Having considered all papers and arguments, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

1

As a preliminary matter, the Court **overrules as moot** Defendant's Objections filed in Plaintiff's Motion and in Defendant's Motion because the Court did not rely on the evidence objected to by Defendant.

Moreover, the Court **GRANTS** Defendant's Request for Judicial Notice as to all documents.  Further, the Court **GRANTS** Plaintiff's Request for Judicial Notice as to both documents.

The doctrine of collateral estoppel does not bar Plaintiff's claims in this action because the issue necessarily decided in the previous suit[1] is not identical to the issue sought to be litigated in this case.  In addition, Plaintiff was and is not in privity with a party to the previous suit.

Nevertheless, Defendant does not owe a duty to defend Plaintiff in the Figuerrido Action[2] because of three separate and independent reasons:

(1) Defendant does not owe a duty to defend Plaintiff because the clear language of the Policy states that Defendant owes a duty to defend only to a

---

[1] Cevista Inc. v. Arch Specialty Ins. Co., Case No. CV 028128, California Superior Court, County of San Joaquin, Stockton Branch.

[2] Figuerrido v. Cevista, Inc., et al., Case No. CV 025392, California Superior Court, County of San Joaquin, Stockton Branch.

1
2
3
4
5
6
7
8
9
10
11
12
13

Named Insured, and Plaintiff is not a Named Insured. (See the Policy in Section I: "We have the right and duty to defend you, the Named Insured . . . we have no duty to defend any other insured."); see also General Star Indem. Co. v. Superior Court, 47 Cal. App. 4th 1586, 1590-91 (Cal. App. Ct. 1996) (insurance policy language may limit or negate the insurer's duty to defend). Plaintiff is not a "Named Insured" because the Policy defines "Named Insured" as "the person or organization named in Item 1 of the Declarations of this policy," and Plaintiff is not named in the Declarations of the Policy.

14
15
16
17
18
19

(2) Defendant does not owe a duty to defend Plaintiff in the Figuerrido Action because there is no potential for coverage. There is no potential for coverage because the Contractors Special Conditions Endorsement has not been satisfied.

20
21
22
23
24
25
26
27
28

(3) Defendant does not owe a duty to defend Plaintiff because any possible "potential for liability turns on resolution of a legal question." McLaughlin v. Nat'l Union Fire Ins. Co., 23 Cal. App. 4th 1132, 1152 (Cal. App. Ct. 1994) (citing State Farm Mut. Auto. Ins. Co. v. Longden, 197 Cal. App. 3d 226, 233 (Cal. App. Ct. 1987)); see also Waller v. Truck Ins. Exch., 11 Cal. 4th 1, 26 (1995).

3

1  Accordingly, the Court:
2  - **DENIES** Plaintiff's Motion for Partial Summary
3    Judgment of Defendant's Duty to Defend; and
4  - **GRANTS** Defendant's Motion for Summary Judgment as
5    to all causes of action.

**IT IS SO ORDERED.**

/s/
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

DATED: March 18, 2008